UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CLARENCE LEON DEWS, | Case No. 1:14-cv-00709-RRB |
| Plaintiff, | |
| vs. | |
| ASSOCIATE WARDEN T. ARLITZ, *et al.*, | **DISMISSAL ORDER** |
| Defendants. | |

Clarence Leon Dews, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. 1983 against numerous officials employed by the California Department of Corrections and Rehabilitation ("CDCR"), the Kern County District Attorney, California Department of Justice, and Attorney General.

**I.    SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

---

[1] 28 U.S.C. § 1915A(a).

DISMISSAL ORDER
*Dews v. Arlitz*, 1:14-cv-00709-RRB – 1

"seeks monetary relief against a defendant who is immune from such relief."[2] Likewise, a prisoner must exhaust all administrative remedies as may be available,[3] irrespective of whether those administrative remedies provide for monetary relief.[4]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[7]

---

[2] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); see *Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[3] 42 U.S.C. § 1997e(a); see *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[4] See *Booth*, 532 U.S. at 734.

[5] Fed. R. Civ. P. 8(a)(2).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[7] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[8] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]

Prisoner *pro se* pleadings are given the benefit of liberal construction.[12] While this Court must liberally construe papers filed by *pro se* parties, *pro se* parties must none-the-less follow the applicable rules of practice and procedure.[13] The Complaint filed in this case in its present form does not meet those requirements.

## II.  ANALYSIS

Dews' Complaint consists of four (4) pages plus 230 pages of attachments. The Complaint, which reads in narrative form, appears to be more like a brief in that it consists almost entirely of legal argument, not facts. As a consequence neither this Court nor any

---

[8] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[9] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[10] *Id.*

[11] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[13] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled in part on other grounds in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)).

named Defendant is able to determine what act(s) of which Defendant(s) violated which of Dews' civil rights. Dews has also attached to the Complaint numerous extraneous documents, e.g., California Form POS-010 (Proof of Service of Summons);[14] California Form SC-107 (Proof of Service of Small Claims, *etc.*);[15] and Memorandum re: Writ of Mandate and Prohibition.[16] Attachments to the complaint must be limited to those documents relevant to the causes of action properly pleaded. That is, those documents that evidence the acts or actions of the Defendants and any administrative proceedings concerning Dews' grievances that form the basis for his complaint.

Furthermore, it appears that Dews may not have properly exhausted his available administrative remedies with respect to his complaint, at least in part. Exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[17] Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[18] "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules."[19] Dews is reminded that, although an unexhausted claim may survive

---

[14] Docket 1, pp. 5–7.

[15] Docket 1, pp. 8–22.

[16] Docket 1, p. 23

[17] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[18] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[19] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

screening, unexhausted claims are subject to dismissal on summary judgment or, in some cases on a motion under Federal Rule of Civil Procedure 12(b).[20]

Although it may be questionable whether Dews can plead a plausible cause of action against at least some of the named Defendants, the Court is not inclined to deny Dews leave to amend. In preparing his amended Complaint Dews must adhere to the following requirements of notice pleading.

1. A complaint must contain a short, plain statement of the facts, i.e., who, what, when, and the resulting injury.

2. Mere conclusory statements without factual support will be disregarded.

3. ***Do not*** include citations to legal authority.

4. ***Do not*** write outside the margins. Pleadings and other documents filed with the Court should comply as nearly as practicable with the provisions of Local Rule 130.

> **(b) Conventionally-Filed Documents and Courtesy Copies.** All documents presented for conventional filing or lodging and the chambers courtesy copies shall be on white, unglazed opaque paper of good quality with numbered lines in the left margin, 8-1/2" x 11" in size, and shall be flat, unfolded (except where necessary for presentation of exhibits), firmly bound at the top left corner, pre-punched with two (2) holes (approximately 1/4" diameter) centered 2-3/4" apart, 1/2" to 5/8" from the top edge of the document, and shall comply with all other applicable provisions of these Rules. Matters contained thereon shall be presented by typewriting, printing, photographic or offset reproduction, or other clearly legible process, without erasures or interlining that materially defaces the document, and shall appear on one side of each sheet only.
> **(c) Spacing.** Documents shall be double-spaced except for the identification of counsel, title of the action, category headings, footnotes, quotations, exhibits and descriptions of real property. Quotations of more than fifty (50) words shall be indented.

---

[20] *See Albino v. Baca*, 747 F.3d 1162, 1166, 1168–71 (9th Cir. 2014) (en banc).

**(d) Numbering.** Each page shall be numbered consecutively at the bottom and shall provide a brief description of the document on the same line.

5. Attach documents that relate to the internal processing by CDCR of any grievance, disciplinary action, complaint, or other request made by the Plaintiff that refers to or concerns the claims raised in the complaint.

6. *Do not* attach copies of prior complaints filed in this or any other court.

7. *Do not* attach copies of correspondence to agencies or persons other than as provided in the immediately preceding paragraph, e.g., correspondence to state or federal officials, Congressional members, or the Prison Law Office.

8. *Do not* attach forms used by the California Court System.

9. *Do not* attach summonses, discovery requests, or any other similar document directed to or that compels one or more of the named Defendants to respond.  If any such documents are required they will be issued in due course as required by, and in accordance with, the applicable rules of practice and procedure.

## III.   ORDER

For the reasons set forth above, the Complaint is hereby **DISMISSED**. Plaintiff is granted through and including **December 22, 2014**, within which to file an Amended Complaint consistent with the requirements set forth above.

*Plaintiff Clarence Leon Dews is warned that pleadings and documents that do not comply with the applicable rules of practice of procedure may be summarily stricken*.

**IT IS SO ORDERED** this 12th day of November, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE