UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>    Plaintiff,<br><br>vs.<br><br>ASSOCIATE WARDEN T. ARLITZ, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-00709-RRB<br><br>**ORDER DISMISSING**<br>**FIRST AMENDED COMPLAINT** |

Clarence Leon Dews, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. 1983 against numerous officials employed by the California Department of Corrections and Rehabilitation ("CDCR"), the Kern County District Attorney, California Department of Justice, and the California Attorney General. This Court dismissed Dews' Complaint with leave to amend.[1] Dews has filed his Amended Complaint.[2]

## I. SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Docket 12.

[2] Docket 13. Dews has named as Defendants: T. Arlitz (Associate Warden), Caroline Waddell (Correctional Lieutenant); T. Castellanos (Correctional Sergeant); I. E. Garza (Correctional Counselor II); R. Chanelo (Correctional Officer); and the California Department of Corrections and Rehabilitation.

[3] 28 U.S.C. § 1915A(a).

ORDER DISMISSING FIRST AMENDED COMPLAINT
*Dews v. Arlitz*, 1:14-cv-00709-RRB – 1

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4] Likewise, a prisoner must exhaust all administrative remedies as may be available,[5] irrespective of whether those administrative remedies provide for monetary relief.[6]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9]

---

[4] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[6] *See Booth*, 532 U.S. at 734.

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[9] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

Prisoner *pro se* pleadings are given the benefit of liberal construction.[14] While this Court must liberally construe papers filed by *pro se* parties, *pro se* parties must none-the-less follow the applicable rules of practice and procedure.[15]

## II.     GRAVAMEN OF COMPLAINT/RELIEF REQUESTED

Dews is disabled: wheelchair bound with limited mobility and use of his left arm. Dews' Amended Complaint alleges six claims for relief arising out of his incarceration at the Kern Valley State Prison.

---

[10] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[12] *Id.*

[13] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[15] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled in part on other grounds in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)).

In his First Claim Dews contends that his Eighth and Fourteenth Amendment rights were violated when: (1) he was ordered back into the prison yard by force and violence; (2) his claims of enemy and safety concerns were ignored; (3) he was mis-housed; and (4) his life was placed in danger.

In his Second Claim Dews contends that he was denied due process and equal protection in connection with a disciplinary hearing. The record attached to the Amended Complaint reveals that Dews was convicted a violation of battery on an inmate with a weapon in violation of the California Code of Regulations, and assessed a forfeiture of good time credit.[16]

In his Third Claim Dews contends that in investigating the incident underlying his disciplinary adjudication his Fifth Amendment *Miranda* rights were violated.

In his Fourth Claim Dews asserts a virtual smorgasbord of claims including a failure to provide adequate protection of a disabled person, failure to timely respond to requests for appropriate accommodations, failure to transfer to an intermediate care medical facility, and housing him in enemy or combative situations creating circumstances of unsafe living conditions.

In his Fifth Claim Dews contends that the hearing officer in his rules violation adjudication hearing violated his Fifth Amendment rights under *Miranda*.

In his Sixth Claim Dews alleges that the Department of Corrections has failed to properly train its employees.

---

[16] Docket 13, pp. 51–52.

In his prayer for relief Dews requests that this Court dismiss Rules Violation Report KVSP-0-14-1307 and that he be awarded $30,000,000 in damages.

## III. ANALYSIS

<u>First and Fourth Claims for Relief</u>

It appears that Dews requested transfer to a designated medical prison due to his medical condition and safety concerns. Attached to the First Amended Complaint is the First Level Response to Dews' request dated October 25, 2013.

> **APPEAL ISSUE:** You contend you want to be transferred to a designated medical prison due to your current medical condition and safety concerns, due to being housed with "abled-bodied" individuals, with proven attacks on other "abled-bodied" young men.
> **INTERVIEW/EFFECTIVE COMMUNICATION:** On October 25, 2013, at approximately 1040 hrs, you were interviewed. by I. E. Garza, Correctional Counselor CCII (A) regarding your appeal. You were afforded the opportunity to further explain your issue and to provide any supporting evidence or documents. During this interview, you did not have any other supporting evidence or documents to add to your current appeal issue. You were also asked if you had specific safety concerns and you stated "no". You were further asked if there were any inmates currently pressuring you to do something against your will and again you stated "no."
> A review of the Test of Adult Basic Education list reveals have a Reading Grade Point Level above 4.0, therefore, you db not require special accommodation to achieve effective communication.
> **APPEAL RESPONSE:** Your safety concerns were not sufficient to warrant further investigation. During an interview, on October 25, 2013, you were asked to if you had any current safety concerns, you stated "no." When you were asked if there were any inmates currently pressuring you to do something against your will, again; you stated "no." At this time, there is insufficient information to continue investigation into your safety concerns. Furthermore, it is noted you were recently released from the Administrative Segregation Unit (ASU) on 10-07-13, following an investigation your self-expressed safety concerns. The investigation into your safety concerns was concluded on 10-06-13, and it was determined your safety concerns were unsubstantiated, refer to the attached CDCR 1288, dated 10-06-13.

> Your appeal and departmental memorandum, dated July 9, 2013, titled *"Transfer of High Medical Risk Inmate to Appropriate Intermediate Medical Care Institutions,"* have been reviewed. Current departmental policy states, "If the inmate is identified as High Risk and is at a basic care institution, he/she shall be referred for transfer to an appropriate intermediate medical care institution. Correctional Counselors and Committee Chairpersons shall make sure CDCR Form 128C-3 is reviewed during the inmate's annual classification review."
> A review of your file was conducted and your annual classification review is due on November 17, 2013. Your assigned Correctional Counselor has been notified of your concerns and a Unit Classification Committee will be conducted to review your case factors. The Unit Classification Committee will occur no later than November 17, 2013.
> **DECISION:** Based on the above information, your appeal is **PARTIALLY GRANTED** at the First Level of review.
> If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.[17]

Resolution of Dews' claims is complicated by several factors. California law provides for three levels of review in the context of prisoner grievances.[18] Here, because he has not sought further review of his request for transfer it does not appear that Dews has exhausted his administrative remedies. Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[19] "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable

---

[17] Appeal Log # KVSP-0-13-02948, Docket 13, pp. 27–28.

[18] Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted. All lower level reviews are subject to modification at the third level of review."). Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

[19] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

rules."[20] Standing alone, however, that would not necessarily require dismissal of Dews' claims at this stage of the proceedings. Exhaustion is an affirmative defense to be raised and proven by the defense.[21]

The Constitution "does not necessitate comfortable prisons,"[22] nor is the Eighth Amendment a mandate for either "broad prison reform" or excessive federal judicial involvement.[23] The Eighth Amendment does not permit inhumane conditions, and prison conditions are subject to scrutiny under its provisions.[24] To show deliberate indifference, the inmate must prove that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[25] "Thus, *Farmer* [ ] requires an inmate to show that the official knew of the risk *and* that the official inferred that substantial harm might result from the risk."[26] The "prison official need not have acted 'believing that harm actually would befall an inmate; it is enough that the

---

[20] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

[21] *Jones*, 549 U.S. at 212–17; *Albino v. Baca*, 747 F3d 1162, 1166, 1168 (9th Cir. 2014) (en banc).

[22] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981))

[23] *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (*abrogated on other grounds by Sandlin v. O'Connor*, 515 U.S. 472 (1995).

[24] *Farmer*, 511 U.S. at 832.

[25] *Id*. at 837; *see Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim).

[26] *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

official acted . . . despite his knowledge of a substantial risk of serious harm.'"[14] The question of the official's knowledge is a question of fact.[15]

Dews' conclusory allegation that he fears for his safety to the extent it is supported principally by vague references to assaults on physically disabled inmates as well as his fears as a result of being exposed to violence,[16] standing alone, is insufficient to warrant granting Dews relief.[17] On the other hand, Dews specifically alleges that on September 14, 2013, an able-bodied inmate (Turner #G-61702) attacked and nearly beat him to death.[18] Dews also alleges that on October 6, 2013, he and another able-bodied enemy (Bowen #G-01518) had to be separated.[19] The only other definite allegation concerning physical assault is with respect to his conviction for assaulting a fellow prisoner challenged in his

---

[14] *Id*. (quoting *Farmer*, 511 U.S. at 842) (omission in original).

[15] *Farmer*, 511 U.S. at 826.

[16] Dews alleges "[he] was exposed to this form of able body violence in the handicap situation of his physical health and safety, and was beaten, reported and went unreported and has suffered both mental an[d] physical torments . . .." Amended Complaint, Docket 13, p. 23.

[17] *See Farmer*, 511 U.S. at 843.

[18] Amended Complaint, Docket 13, p. 7. With respect to this incident Dews alleges that no record of this assault exists except for a medical report of the emergency treatment he received at Delano Regional Medical Center. Dews did not attach a copy of that report to his Amended Complaint. However, attached to his Complaint is a copy of a billing rendered for medical services provided Dews on September 14, 2013, for treatment of a nose fracture. Complaint, Docket 1, p. 68.

[19] *Id*. It is noted that attached as an exhibit to both the Complaint and the Amended Complaint is a CDC 128-B Informational Chrono dated October 6, 2013, signed by Correctional Sergeant J.M. Brown, recommended that Inmates Bowen and Dews be added to their respective enemy lists. Complaint, Docket 1, p. 29; Amended Complaint, Docket 13, p. 30.

ORDER DISMISSING FIRST AMENDED COMPLAINT
*Dews v. Arlitz*, 1:14-cv-00709-RRB – 8

Second Claim for Relief. In that instance though, as noted below, he was found to be the instigator, not the victim. Furthermore, to the extent he alleges assaults on September 14 and October 6, 2013, those allegations are not only inconsistent with, but are directly contradictory to, the statements he made in connection with his subsequent request for transfer to a designated medical care facility discussed above.

Finally, Dews does not seek any affirmative relief with respect to these claims.[20] Based upon the allegations of the Amended Complaint it might logically be inferred that Dews might be seeking an order from this Court compelling CDCR to transfer him to an appropriate prison medical facility. Unfortunately for Dews he has no constitutional right to be incarcerated in a particular prison within a state.[21] Dews makes no allegation that as a result of his continued incarceration at KVSP he does not receive adequate care for his disabilities or that the conditions under which he is housed do not adequately accommodate his physical infirmities. His sole complaint appears to be that he does not want to be housed with able-bodied prisoners.

Accordingly, at this stage of the pleadings the First and Fourth Claims for Relief must be dismissed for failure to state claims upon which relief may be granted. The Court notes that, while it is highly improbable that Dews can truthfully allege facts that would warrant granting him relief under 42 U.S.C. § 1983, dismissal without leave to amend is

---

[20] In the body of this complaint Dews appears to seek a determination by this Court that he is unfit for housing amongst able-bodied unmates in KVSP, allegedly a prison with a history of violence by inmates and guards and where prison riots are normal.

[21] *See, e.g., Williams v. Wood*, 223 Fed. Appx. 670, 671 (9th Cir. 2007) (unpublished) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)).

unwarranted. Accordingly, the Court will grant Dews leave to file a second amended complaint with respect to the September 14, 2013, incident.

Second Claim for Relief

In his Second Claim for Relief Dews challenges a disciplinary action that resulted in the loss of good-time credits—affecting the duration of Dews' incarceration. An action that challenges the fact or duration, not a condition, of incarceration is improperly brought as a civil rights action under § 1983. If a prisoner is challenging the *fact or duration* of his/her custody, not the conditions, it must be brought in a petition for *habeas corpus* relief under 28 U.S.C. § 2254 or § 2241.[22]

One of the preconditions to bringing a federal habeas petition is that a federal court may not consider claims that have not been fairly presented to the state courts.[23] Unexhausted claims must be dismissed.[24] In the habeas context, exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners'

---

[22] *Preiser v. Rodriguez*, 411 U.S. 475, 487–88, 490, 499–500 (1973); *Docken v. Chase*, 393 F.3d 1024, 1026–27 (9th Cir. 2004); *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003).

[23] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[24] *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

federal rights.[25] To fully exhaust his state court remedies a prisoner must present his/her claim to the highest state court.[26]

If the prisoner is proceeding *pro se*, the court must liberally construe the pleadings;[27] thus, normally the court should simply dismiss with leave to amend providing the prisoner with the opportunity to cure the defect, i.e., refile as a petition for habeas relief. In this case it is obvious from the complaint that Dews has not sought relief in any form in the California State courts—nor could he have. Thus, because he has not exhausted his claims, it is premature as a petition for federal *habeas* relief and must be dismissed.[28] Dismissal is, however, without prejudice to the right of Dews to file a petition for federal *habeas* relief under 28 U.S.C. § 2254 or § 2241, as appropriate.

Third and Fifth Claims for Relief

Because they attack the evidence utilized in obtaining his conviction of violating prison regulations, Dews Third and Fifth claims are inextricably intertwined with Dews'

---

[25] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[26] *See Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir.2003) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[27] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[28] As a habeas petition it would consist of solely unexhausted claims, not *both* exhausted and unexhausted claims. Thus, the stay and abey procedure under which the court dismisses the unexhausted claims and holds the exhausted claims in abeyance pending exhaustion is inapplicable. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose*).

disciplinary proceeding. Accordingly, those claims must, like his Second Claim for Relief, must be dismissed without prejudice to raising them in a *habeas* proceeding.

<u>Sixth Claim for Relief</u>

This claim, which appears to be directed solely at the Department of Corrections and Rehabilitation, an agency of the State of California. As such, it is barred by the Eleventh Amendment.[29]

## IV. ORDER

The First and Fourth Claims for Relief are hereby **DISMISSED** without prejudice.

The Second, Third, and Fifth Claims for Relief are hereby **DISMISSED** without prejudice to the right, if any, of Plaintiff Clarence Leon Dews to file a complaint for *habeas corpus* relief under 28 U.S.C. § 2241 or § 2254.

The Sixth Claim for Relief is hereby **DISMISSED** with prejudice.

Plaintiff is hereby granted leave to file a Second Amended Complaint consistent with this Order not later than **Friday, February 20, 2015**. In filing his Second Amended Complaint is reminded that he must comply with the instructions contained in the Court's prior Dismissal Order.[30] In addition, Dews is cautioned that in drafting his Second Amended Complaint he should:

1.   Limit his claim to the alleged assault occurring on or about September 13, 2013;

---

[29] *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985); *Brown v. Cal. Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (applying bar to a suit against CDCR).

[30] Docket 12.

ORDER DISMISSING FIRST AMENDED COMPLAINT
*Dews v. Arlitz*, 1:14-cv-00709-RRB – 12

2.Alleges sufficient facts that, if proven, would entitle him to relief, consistent with the requirements of *Farmer* and *Toguchi* (discussed above on page 7);

3.Identify as defendants those individuals whose conduct violated his constitutional rights in connection with the alleged assault;

4.Specify the relief requested from each defendant; and

5.Affirmatively plead that he has either exhausted his administrative remedies with respect to the claim asserted, or allege facts sufficient to excuse the exhaustion requirement.

**IT IS SO ORDERED** this 15th day of January, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE